```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 TOMAS ORDONEZ,

                    Plaintiff,              MEMORANDUM & ORDER
                                            17-CV-5011(EK)(RML)

        -against-

 JOSEPH TROIANO and JOVIN DEMOLITION,
 INC.,

                    Defendants.
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Tomas Ordonez brings this negligence action against Joseph Troiano and Jovin Demolition, Inc. ("Defendants"), alleging that they are liable for injuries he sustained when his bicycle collided with Troiano's open car door. Both parties moved for summary judgment on the issue of liability. The undisputed evidence, each side argues, shows that the other was the sole proximate cause of the accident or, in the alternative, at least a contributing cause. For the following reasons, I grant partial summary judgment to Plaintiff and deny Defendants' cross-motion for summary judgment.

## I. Background[1]

### A. Factual Background

On December 7, 2016, Ordonez was operating his electric bicycle in Brooklyn when he collided with Troiano's open car door. Pl. 56.1 ¶¶ 1, 5; Def. 56.1 ¶¶ 2, 19. Immediately before the accident, Ordonez was traveling in the right-most lane for moving traffic on Prospect Park West, towards the intersection at President Street. Pl. 56.1 ¶ 6; Def. 56.1 ¶¶ 13, 14. According to Ordonez, he had just completed a delivery for work and intended to turn right onto President Street in order to return to his employer, Bagel Mart. Pl. 56.1 ¶ 17.

Troiano had just parked his car in a designated parking lane on Prospect Park West. *Id.* ¶ 7; Def. 56.1 ¶ 14.[2]

---

[1] The facts in this order are drawn from the parties' submissions in connection with the motion for summary judgment, including Plaintiff's Local Rule 56.1 Statement ("Pl. 56.1" (ECF No. 29)), Defendants' opposition to this statement ("Def. Opp. to Pl. 56.1" (ECF No. 32)), Defendants' Rule 56.1 Statement ("Def. 56.1" (ECF No. 37-7)), and Plaintiff's opposition to this statement ("Pl. Opp. to Def. 56.1" (ECF No. 37-22)). The Court views the facts in the light most favorable to Defendants when addressing Plaintiff's motion, and in the light most favorable to Plaintiff when addressing Defendants' cross-motion. Citations to a party's Rule 56.1 Statement incorporate by reference the documents cited therein. For convenience, the Court refers to Plaintiff's supporting memorandum of law as "Pl. Br." (ECF No. 28) and Defendants' opposition submission as "Def. Opp." (ECF No. 31); and the Court refers to Defendants' memorandum of law supporting their cross-motion as "Def. Cross Br." (ECF No. 37-8) and Plaintiff's opposition submission as "Pl. Cross Opp." (ECF No. 37-23).

[2] It is undisputed that the car, a GMC Yukon Denali, was owned by Jovin Demolition, Inc., Troiano's employer, and that Troiano was operating it with Jovin's permission. Def. 56.1 ¶ 4. For the purposes of this order, I will refer to the car as Troiano's.

He parked "approximately five or six inches" from the parking line to his left (that is, the solid white line separating the parking lane from the right-most traffic lane). Pl. 56.1 ¶ 8; Def. Opp. to Pl. 56.1 ¶ 8. Troiano sat in the car for about twenty seconds before opening the door. Pl. 56.1 ¶ 9; Def. 56.1 ¶ 8. He looked in his rearview and sideview mirrors, then gathered his pen and notebook, and then opened his door. Pl. 56.1 ¶ 10; Def. 56.1 ¶ 9. Troiano testified that "maybe five seconds" elapsed from the time he reached for his notebook to the time he began opening the car door. Pl. 56.1 ¶ 11; Def. 56.1 ¶ 10. When he began to open the door, Ordonez's bicycle was approximately five to six feet away from the door. Def. 56.1 ¶ 16; Pl. Opp. to Def. 56.1 ¶ 16.

Ordonez testified that he tried to brake in time to avoid the collision, but Troiano's car door "was too close" and there was "[n]ot a lot of time." Dep. of Tomas Ordonez ("Ordonez Dep.") 97:5-98:11, ECF No. 30-1. Troiano had opened the door "maybe a half a foot to a foot" towards the "driving lane" when Ordonez collided with the door and fell to the ground. Pl. 56.1 ¶¶ 12-14; Dep. of Joseph Troiano ("Troiano Dep.") 29:19-24, 30:21-25, ECF No. 30-2. At the time of contact, Ordonez's bicycle tires were "about a half an inch" to the left of the parking line. Ordonez Dep. 102:23-103:7, ECF No. 30-1. Ordonez sustained injuries to his neck, back, and

3

right knee – some of which he alleges are permanent.  *See* Compl. ¶ 31, ECF No. 1.

**B.    Procedural Background**

Ordonez filed this case in Kings County Supreme Court, and Defendants removed it to this Court on August 23, 2017.  *Id.* at 1.  On January 29, 2021, Plaintiff moved for summary judgment on the ground that Defendants' negligence was the sole proximate cause of the accident.  Pl. Br. 5.  In the alternative, Plaintiff asked for partial summary judgment on the ground that Defendants' negligence was at least one proximate cause of the accident.  *Id.; see also id.* at 21-22 (invoking comparative negligence doctrine).  Defendants cross-moved for summary judgment on March 15, arguing that Plaintiff's own negligence was the sole proximate cause of the accident; in the alternative, they asked for partial summary judgment on the ground that Plaintiff's negligence was a proximate cause.  Def. Cross Br. 3.

## II.    Summary Judgment Standard

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56.  "A fact is material for these purposes if it might affect the outcome of the suit under the governing law.  An issue of fact is genuine if the evidence is

4

such that a reasonable jury could return a verdict for the nonmoving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001).[3]

The moving party has the burden of demonstrating the absence of a question of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the movant carries its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). If the non-moving party fails to do so, the claim must be dismissed. The entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where there are cross-motions for summary judgment, the court considers each motion independently and views the facts in the light most favorable to the non-moving party for each. *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

### III. Discussion

**A. Ordonez's Motion for Summary Judgment**

New York's Vehicle and Traffic Law ("VTL") "establishes rules of the road for motorists and pedestrians." *Heller v. Zumba*, No. 17-CV-598, 2018 WL 1737234 at *1 (S.D.N.Y. Apr. 9, 2018). "A violation of the VTL constitutes negligence per se." *Id.* (citing *McConnell v. Nabozny*, 489 N.Y.S.2d 24 (N.Y. App. Div. 1985)); *see also Perez v. NYC Transit Auth.*, No. 307598-13, 2017 WL 1437852, at *2 n.1 (N.Y. Sup. Ct. Mar. 23, 2017) ("[A] violation of the VTL makes the offender negligent as a matter of law." (citing cases)). The VTL provision at issue here is Section 1214, which states that "[n]o person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic." VTL § 1214.

The provision establishes a presumption, of sorts, that a motorist opening a traffic-side door should see and avoid any "other traffic" with which the door might interfere. A motorist who opens a door into the path of such traffic is "negligent in failing to see what, by the reasonable use of her senses, she should have seen." *Williams v. Persaud*, 798 N.Y.S.2d 495, 496 (N.Y. App. Div. 2005); *see also Abbas v. Salavel*, 900 N.Y.S.2d 893 (N.Y. App. Div. 2010) ("[P]laintiff

6

violated [VTL] § 1214 by opening the door on the side of his car adjacent to moving traffic when it was not reasonably safe to do so, and was negligent in failing to see what, by the reasonable use of his senses, he should have seen."). In determining whether a person made reasonable use of his senses before opening the door, at least one New York court has found inexcusable even a one-second lapse between the check for a safe exit and the opening of the door.[4] *See Persaud*, 798 N.Y.S.2d at 495 (plaintiff violated VTL § 1214 by opening her door on the side adjacent to moving traffic "a second" after she checked the side view mirror).

It is undisputed that Troiano opened his car door on the side available to moving traffic. Pl. 56.1 ¶ 12; Def. Opp. to Pl. 56.1 ¶ 12. Troiano testified that he opened the door "[m]aybe a half a foot to a foot" towards the "driving lane." Troiano Dep. 29:19-24, 30:21-25, ECF No. 30-2. Troiano contends that the entire car door remained inside the parking lane, *see* Def. Opp. to Pl. 56.1 ¶ 12, but he also testified that he parked the car "approximately five or six inches" from the parking line to his left. *Id.* ¶ 8. If he opened the car door half a foot to a foot, then the car door extended at least to the edge of the

---

[4] A note on the use of gendered pronouns: it is this Court's general practice to use male pronouns like "his" when the party in question is male and female pronouns when the party is female. In this instance, the party whose senses are at issue is Mr. Troiano.

7

parking line, and at most several inches into the driving lane. Regardless, a motorist can violate Section 1214 even without extending his door to or over the parking line. It is enough that he opens the door "*on the side available to moving traffic*" if doing so can interfere with the movement of traffic. VTL § 1214 (emphasis added); *e.g.*, *Garcia v. BLS Limousine Serv. of New York, Inc.*, 154 N.Y.S.3d 758, 759 (N.Y. App. Div. 2021) (defendant driver violated Section 1214 when he "opened the door on the side of the vehicle adjacent to moving traffic"); *Persaud*, 798 N.Y.S.2d (plaintiff violated Section 1214 "by opening her door on the side *adjacent* to moving traffic" (emphasis added)); *Julien v. Diabate*, 2019 N.Y. Slip Op. 30367(U) (N.Y. Sup. Ct. Feb. 19, 2019) (defendant violated Section 1214 when he "opened the vehicle door on the side available to moving traffic"). Thus, even if Troiano's car door did not cross over the parking line and into the driving lane, it was sufficient for him to open his driver-side door on the side adjacent to moving traffic.

Further, Troiano opened the door when it was not reasonably safe to do so. He opened the door "five seconds" after checking the mirrors. Troiano Dep. 25:21-27:13, 29:10-30:14, ECF No. 30-2. Over the course of those five seconds, Ordonez's bicycle came within five to six feet of Troiano's car. Def. 56.1 ¶ 16; Pl. Opp. to Def. 56.1 ¶ 16. Ordonez testified

8

that this gave him no time to avoid the collision. *Cf. Garcia*, 154 N.Y.S.3d at 759 (noting that "plaintiff testified that he had no time to take evasive action before the door of the vehicle struck him"). Troiano therefore did not see what, "by the reasonable use of [his] senses, [he] should have seen," had he checked the mirror again prior to opening the door. *See Persaud*, 798 N.Y.S.2d at 495. Defendants thus fail to raise an issue of material fact as to whether Troiano violated Section 1214.

Defendants urge the Court to deny Ordonez's summary judgment motion in its entirety because Ordonez was comparatively negligent. *See* Def. Opp. 19-20. This argument fails, however, because comparative negligence by Ordonez would not preclude partial summary judgment under New York law. In *Rodriguez v. City of New York*, the New York Court of Appeals held that "[t]o be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault." 31 N.Y.3d 312, 324-25 (2018); *see also Garcia*, 154 N.Y.S. at 759 ("In any event, comparative negligence is not a defense to a prima facie case but would only affect the amount of damages plaintiff could otherwise recover."); *Heller*, 2018 WL 1737234, at *2 (citing *Rodriguez*, 31

9

N.Y.3d at 317).[5] Because Ordonez makes out a *prima facie* claim of Defendants' liability, he is entitled to partial summary judgment.[6] The remaining question is whether Ordonez has established that Defendants' negligence was the *sole* proximate cause, or just *a* proximate cause, of the collision.

Issues of fact preclude a finding that Defendants were the sole proximate cause. First, Defendants point to evidence that Ordonez's bicycle was partially inside the parking lane at the time of the accident, in violation of Section 1128(a) of the VTL. *See* Def. 56.1 ¶ 20 ("At the time of the contact between

---

[5] The *Rodriguez* court reasoned that "[p]lacing the burden on the plaintiff to show an absence of comparative fault is inconsistent with the plain language of CPLR 1412," which "direct[s] courts to consider a plaintiff's comparative fault only when considering the amount of damages a defendant owes to plaintiff." 31 N.Y.3d at 318.

[6] Defendants rely on *Paulino v. MTA Bus Company*, 136 N.Y.S.3d 879 (N.Y. App. Div. 2021), to argue that issues of fact as to Ordonez's comparative negligence preclude summary judgment. *See* Def. Opp. 16. *Paulino* presented the inverse of this case: the plaintiff was the parked motorist opening his own car door, and was allegedly injured when a moving MTA bus struck the door. The defendant bus operator moved for full — not partial — summary judgment. *Id.* at 879-80 (referring to the lower court's denial of the "defendants' motion for summary judgment *dismissing the complaint*" (emphasis added)). The *Paulino* court thus needed to assess whether the plaintiff was the sole proximate cause of his own injuries — *i.e.*, to rule out the possibility of comparative negligence. *See id.* at 880 ("[D]efendants failed to demonstrate conclusively that plaintiff opened the door of his parked car when it was not safe to do so in violation of [VTL] § 1214 and *therefore was the sole proximate cause of the accident*." (emphasis added)). The court could not do so, because the plaintiff (the non-moving party) supplied "evidence that plaintiff opened the door while traffic was stopped." *Id.* Troiano has supplied no commensurate evidence here.

Defendants' reliance on *Sayed v. Aviles* is likewise misplaced. *See* 900 N.Y.S.2d 122 (N.Y. App. Div. 2010) (defendants were not entitled to summary judgment because they failed to establish that plaintiff was the sole proximate cause of the accident). Here again, Ordonez makes the alternative argument that Defendants were one – as opposed to the sole – proximate cause, so this Court need not rule out comparative negligence before granting partial summary judgment.

either the front basket or right handlebar of plaintiff's bicycle . . . the driver's door and the right side of plaintiff's front basket and right handlebar were inside the parking lane."); VTL § 1128(a) ("A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be removed from such lane until the driver has first ascertained that such movement can be made safely."). Indeed, Ordonez himself testified that the tires of his bicycle were only half an inch or an inch to the left of the parking line at the time of the collision — close enough that some part of his bicycle may have extended over the parking line. Ordonez Dep. 84:9-85:13, 102:21-103:13, ECF No. 30-1.

Second, Defendants argue that Ordonez was in the car lane, rather than the available bicycle lane, in violation of the Rules of the City of New York. *See* 34 N.Y.C.R.R. § 4-12(p)(1). Ordonez claims that he intended to turn right onto President Street because this was the shortest way back to Bagel Mart, *see* Pl. 56.1 ¶¶ 17-18, and that he was thus permitted to use the car lane under New York law. *See* 34 N.Y.C.R.R. § 4-12(p)(1)(i); VTL §§ 1231, 1234(a). Defendants dispute that Ordonez intended to turn right, however, because he could not recall where he made a delivery prior to the accident, thus calling into question whether turning right was, in fact, the shortest path to his destination. Def. Opp. 22; *see also*

11

Ordonez Dep. 60:10-61:3, ECF No. 30-1.  Because Defendants raise issues of fact as to Plaintiff's own negligence, the Court cannot conclude that Defendants were the sole proximate cause of the accident.

The Court therefore grants Ordonez's motion for partial summary judgment on the ground that Defendants' negligence proximately caused his injuries.  His motion is denied, however, on the issue of whether Defendants' negligence was the sole proximate cause of his injuries.

**B.  Defendants' Cross-Motion for Summary Judgment**

In their cross-motion for summary judgment, Defendants first argue that Ordonez's own negligence was the sole proximate cause of the accident.  Def. Cross Br. 3, 10.  Given the above conclusion that Troiano's negligence was at least a proximate cause, this claim fails.

In the alternative, Defendants seek partial summary judgment on the ground that Ordonez was *a* proximate cause of his own injuries.  *Id.* at 3.  As discussed above, disputes of fact exist as to whether Ordonez was comparatively negligent.  Defendant's cross-motion for summary judgment is thus denied on the issue of Plaintiff's liability.


## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted in part. Defendants' motion for summary judgment is denied.[7]

SO ORDERED.

 /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   February 28, 2022
         Brooklyn, New York

---

[7] The case shall proceed to a jury trial on the following issues: (1) whether Ordonez was himself negligent; (2) whether his negligence, if any, was a substantial factor in causing his own injuries; (3) the comparative fault of Ordonez and Defendants; and (4) if any, damages. *See Heller*, 2018 WL 1737234 at *6 n.3.